OPHA E. STONE, SHERIFF OF PUTNAM COUNTY

*v.*

NATIONAL SURETY CORPORATION

(No. 12116)

Submitted April 24, 1962.          Decided May 29, 1962.

*Savage, Goshorn, MacCorkle & Rippetoe, D. J. Savage,* for plaintiff in error.

No appearance, for defendant in error.

GIVEN, JUDGE:

This writ of error involves the right of plaintiff, Opha E. Stone, Sheriff of Putnam County, to recover for losses alleged to have been suffered through the felonious abstraction of money from a safe, under the terms of an insurance contract issued by the defendant, National Surety Corporation, dated July 1, 1957, and in effect at the time of the loss sued for. The matter was by agreement submitted to the trial court, in lieu of a jury, and the court found that the insured had substantially complied with the terms of the contract and entered judgment for the plaintiff in the amount of $4,000.00.

The parties stipulated the facts which, insofar as material, were: That on February 21, 1958, the chief deputy in charge of the office of plaintiff at the time, went to lunch at about 12:05 P.M.; that when he left the office he locked the office door, and the "cash drawer inside the safe and closed the doors to the safe, but did not put the combination on to lock the doors of the safe," and that on his return to the office "the safe doors were opened and the cash box in the safe had been broken into and all the cash, except the silver and pennies, was gone". There is no controversy as to the amount of the judgment. Only a question as to liability under the terms of the policy contract is involved.

Plaintiff in error relies on two provisions of the policy. The first, insofar as pertinent, provides for payment "For all loss by BURGLARY which shall mean the felonious abstraction of property specified under Coverage C in the Declarations from within the insured part (as specified under Coverage C in the Declarations) of the safe or vault, by any person or persons making felonious entry into such safe and such insured part thereof, and also into the vault, if any, containing such safe, when all doors of such safe and vault are duly closed and locked by all combination and time locks thereon; provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of (a) all of said doors of such safe and of the insured part thereof and of the vault, if any, contain-

ing such safe, if entry is made through such doors; or (b) the top, bottom or walls of such safe and of the insured part thereof and of the vault, through which entry is made, if not made through such doors."

The other pertinent provision reads: "All combination and time locks on all safe and vault doors will be maintained in proper working order and will be regularly used while this policy is in force, except as herein stated." No exception is stated. Our conclusion as to the question arising as to liability under the first quoted provision permits us to consider only that question.

This Court has consistently held that the language of an insurance policy contract, like any other contract, must be accorded its plain meaning, and, where plain, the language must be given full effect, no construction or interpretation being permissible. See *Christopher* v. *United States Life Insurance Company*, 145 W. Va. 707, 116 S. E. 2d 864; *Adkins* v. *American Casualty Co.*, 145 W. Va. 281, 114 S. E. 2d 556; *Davis* v. *Combined Insurance Company of America*, 137 W. Va. 196, 70 S. E. 2d 814; *Adkins* v. *Aetna Life Insurance Co.*, 130 W. Va. 362, 43 S. E. 2d 372; *Mitchell* v. *Metropolitan Life Insurance Co.*, 124 W. Va. 20, 18 S. E. 2d 803.

In *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489, 52 Sup. Ct. 230, 76 L. Ed. 416, the Court stated: "* * * It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. *Mutual Life Ins. Co.* v. *Hurni Co.*, 263 U. S. 167, 174; *Stipcich* v. *Insurance Co.*, 277 U. S. 311, 322. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in

their plain, ordinary and popular sense. *Imperial Fire Ins. Co. v. Coos County,* 151 U. S. 452, 462-463 \* \* \*".

In *Charada Inv. Co. v. Trinity Universal' Ins. Co.,* 188 Wash. 325, 62 P. 2d 722, involving a similar question arising under a burglary insurance policy, the Court held:   "1. Insurer *held* not liable for burglary of inner compartment of safe while outer door was open under express terms of burglary policy which, as written, indemnified against burglary of safe while duly closed and locked by at least one lock." See *Harrison State Bank* v. *United States Fidelity and Guaranty Co.,* 94 Mont. 100, 22 P. 2d 1061; *Franklin State Bank* v. *Maryland Casualty Co.,* 256 F. 356; *New Amsterdam Casualty Co.* v. *Iowa State Bank,* 277 F. 713.

As noticed, the pertinent provision of the policy required that, to create liability against the insurer, "all doors of such safe and vault" must be "duly closed and locked by all combination and time locks thereon".   This language is plain, there being no doubt as to its intended meaning.   It states simply what the parties agreed to, what the insured paid for, and what the insurer received payment for. Since, admittedly, the insured did not "put the combination on to lock the doors of the safe", as expressly and plainly required by the contract, the insurer can not be held liable for the loss which occurred.

The judgment of the circuit court complained of is reversed, and the case is remanded with directions to dismiss the proceeding.

*Reversed and remanded
with directions.*

CALHOUN, PRESIDENT:

The foregoing opinion was prepared by Judge Given, and after his death was approved by this Court.   It is now announced in his name in the form prepared by him.