**Allen WORKMAN, Plaintiff,**

v.

**The CONTINENTAL INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 3080.**

United States District Court, S. D. West Virginia, Huntington Division.

June 12, 1975.

R. L. DiTrapano and W. C. Field, Charleston, W. Va., for plaintiff.

Norman K. Fenstermaker, Huntington, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

Plaintiff's action to recover actual and punitive damages because of defendant's non-payment of total and permanent disability insurance benefits under a group accident insurance plan was dismissed, on motion of defendant, on grounds that plaintiff had not given timely written notice of claim as to the occurrence or commencement of any loss covered by the insurance policy. Plaintiff filed a timely motion to modify the dismissal order so as to restore the action to the Court's docket for development and disposition. Rule 59(e), Federal Rules of Civil Procedure. The motion was briefed, argued and submitted to the Court for decision.

Plaintiff, Allen Workman, employed in coal mining operations of Buffalo Mining Company in Logan County, West Virginia, claims he injured his back on September 20, 1971, in the course of his employment. He alleges that defendant, The Continental Insurance Company, at the time had in effect its Group Accident Plan No. 9520, "insuring plaintiff who enrolled in said insurance program for disability benefits." Plaintiff fur-

ther alleges that he "performed all the conditions required of him by said policy, but that the defendant has failed and neglected and still fails and neglects to pay the benefits due the plaintiff under said policy of insurance."

Among defenses interposed in the answer to plaintiff's complaint, defendant asserts that plaintiff failed to comply with policy provisions requiring plaintiff to give written notice of claim "to the Company within thirty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible," and requiring plaintiff to furnish to the insurer written proofs of loss "within ninety days after the date of such loss." Defendant asserts the proof of loss was not reported until June 27, 1972, by "Claimant's Preliminary Statement Accident or Sickness Claim." Plaintiff's brief states that some time "before the 27th day of June, 1972, a notice of claim was communicated to the defendant." It appears that the first written notice by plaintiff to defendant concerning plaintiff's claim was by letter of June 27, 1972, from plaintiff's attorney to defendant, a copy of which letter is included with defendant's answers to plaintiff's interrogatories. Plaintiff's affidavit filed with his motion to modify the dismissal order confirms that a proof of claim was mailed to defendant on June 27, 1972. This was some nine months and seven days from and after the date of plaintiff's injury on September 20, 1971.

■ By order entered on October 9, 1974, the Court dismissed plaintiff's action because of non-compliance with the policy requirement that the written notice of claim of plaintiff's injuries was not given to insurer within thirty days following the occurrence of such injuries, or as soon thereafter as was reasonably possible. Plaintiff's motion to modify the Court's order and his brief in support thereof place emphasis on a conjunctive reading of the policy provision relating to Notice of Claim and pro-

visions relating to Coverage B—Permanent Total Disability. His motion, in paragraph 3, states:

The pivotal words are "or as soon thereafter as is reasonably possible". The plaintiff was in no position to make any written notice of claim until he was reasonably sure that he would have been unable to work for twelve consecutive months and, in any event, the very terms of the policy preclude the occurrence of a loss until his disability continued for twelve consecutive months.

This position appears to be out of harmony with plaintiff's statement in paragraph 2 of his motion that "proof of loss was filed on behalf of the plaintiff on the 27th day of June, 1972," some nine months and seven days following plaintiff's injuries. Both the motion and the brief in support thereof state plaintiff's position that the notice of claim was not a condition precedent to recovery under the policy. This action bases jurisdiction in the Court on diversity of citizenship and amount in controversy. In such cases the substantive law of the State of West Virginia will be controlling. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Wright, Law of Federal Courts, § 58 (1970). Plaintiff cites and quotes from Willey v. Travelers Indemnity Co., 193 S.E.2d 555 (W.Va.1972), in his brief, as basis for other propositions and arguments, but omits to include the West Virginia Supreme Court of Appeals statement on the substantive law of the state relating to proof of claims as a condition precedent in insurance policies. The West Virginia court, at page 558, observes:

This Court, in many decisions, has acknowledged that furnishing a proof of claim required as a condition in an insurance policy, is a condition precedent to recovery under the policy.

. . .

The proof of claim requirement is included as a condition of a policy for the benefit of the insurer. Its pur-

pose is to allow such insurer to acquire information upon which it can form an intelligent estimate of its liabilities and to afford it an adequate opportunity for investigation of the claim. . . .

■ The Notice of Claim provision and the Proofs of Loss provision in the insurance policy here involved are separate and distinct and require no interpretation or construction. Lewis v. Dils Motor Co., 148 W.Va. 515, 135 S.E.2d 597 (1964); Cunningham v. Metropolitan Life Insurance Co., 294 F.Supp. 1054 (S.D.W.Va.1969); Sehon, Stevenson & Co. v. Buckeye Union Insurance Co., 298 F.Supp. 1168 (S.D.W.Va.1969). The Notice of Claim provision serves and is intended to serve a purpose distinctly different from the Proofs of Loss involving the details of disability and loss. This is made clear by provisions of the West Virginia Code, § 33–15–4(e) and (g), relating to required insurance policy provisions. As stated in 45 C.J.S. Insurance § 981 (1946),

> Notice of loss is the notice given to the company of the loss insured against, while the proofs of loss are the evidences given to the company of the occurrence of the loss, the particulars thereof, and the data necessary to enable it to determine its liability and the amount thereof.

The notice of claim requirement may be waived or principles of estoppel may be invoked. Excuses, such as injuries, illness or incapacity, may be explanations for failure to give timely notice. 44 Am.Jur.2d, Insurance, § 1466 (1969). The insured has the burden of proof on establishing satisfying bases of waiver, estoppel or excuses. Annotation, 4 Proof of Facts 2d 299, 313 (1975). Plaintiff has not satisfied or discharged this burden. See England v. American Southern Insurance Co., 380 F.2d 137 (4th Cir. 1967). 44 Am.Jur.2d, Insurance, § 1975 (1969); Annotation, 17 A. L.R.3d, 530, 560 (1968). Plaintiff's motion to modify the dismissal order, his brief in support of the motion, and his deposition, received April 5, 1974, disclose no inability or disability preventing him from giving the required written notice of claim. His motion and the arguments in support thereof relate primarily to interpretation and construction of the insurance policy provisions.

■ Plaintiff's motion points to defendant's interest in the insurance claim, despite the long lapse of time following the injury and without notice thereof, as manifested by arrangements for a physical examination and insurer's letter of August 29, 1972, to claimant's attorney. The considerate attitude of the insurer may not be converted into a waiver or estoppel in cases wherein the insured unreasonably delays any contacts with or notice to the insurer to insurer's prejudice in investigating claim and ascertaining circumstances of claimant's condition. 44 Am.Jur.2d, Insurance, §§ 1511, 1520 (1969); 4 Proof of Facts 2d, 299, 311 (1975).

The Court, upon careful review and consideration of the record, including particularly plaintiff's motion to modify the dismissal order, together with the briefs of counsel relating thereto, finds and concludes:

1. Jurisdiction of the action, based on diversity of citizenship and amount in controversy, is not questioned. 28 U. S.C. § 1332.

2. The substantive law of the State of West Virginia will be applicable and controlling in the action.

3. Plaintiff relies for recovery on defendant's disability insurance policy in effect on September 20, 1971, the date of plaintiff's claimed disabling injury.

4. The record discloses that no written notice of claim or loss was filed by or on behalf of plaintiff, as required by the insurance policy, until June 27, 1972, some nine months and seven days following plaintiff's injury.

5. No factors, conditions or circumstances are found in the record constituting waiver of the notice, estoppel or excuses for non-compliance with the notice of claim requirement of the policy.

6. The lapse of some nine months and seven days from and after the date of plaintiff's injuries, before a written notice of claim or loss was given by the insured to the insurer, constitutes non-compliance with the policy requirement that written notice of claim be given "within thirty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible."

7. Under West Virginia law compliance with the notice of claim provision in an insurance policy is a condition precedent to an insured's recovery against the insurer.

8. Plaintiff's failure to comply with the notice of claim requirement of the insurance policy precludes his recovery from defendant in this action, warranted the Court's dismissal order of October 9, 1974, and requires denial of plaintiff's motion for modification of the dismissal order as now before the Court.

Upon the foregoing findings and conclusions, it is

Ordered that the motion of plaintiff, Allen Workman, to modify the Court's order of October 9, 1974, be, and it is hereby, denied, and dismissal of this action is affirmed.