395 S.E.2d 784

**Nicola FANTASIA, Appellant,**

v.

**Cora M. SCHMUCK, Appellee.**

No. 19189.

Supreme Court of Appeals of
West Virginia.

July 11, 1990.

Ross Maruka, Fairmont, W.V., for Nicola Fantasia.

J. Scott Tharp, Tharp, Liotta & Janes, Fairmont, for Cora M. Schmuck.

PER CURIAM:

This case is before us pursuant to an appeal by the petitioner to an order entered by the Honorable Fred L. Fox II, Circuit Judge of Marion County. In such order, the court found that the petitioner had planted a hedge fence on approximately two feet of respondent's property, but that his entry onto the respondent's property to plant and maintain such fence had been with the implied permission of the respondent. Therefore, the petitioner was not entitled to respondent's property pursuant

to adverse possession. The petitioner asserts that the court erred by holding that the petitioner was not entitled to the disputed property under the doctrine of adverse possession. We affirm the circuit court.

Petitioner owns Lot 11 and Part Lot 12 in Kingmont, Union District, Marion County. Respondent owns the remainder of Part Lot 12, which adjoins petitioner's property.[1] A dispute arose between the two parties as to the location of the proper boundary line between their respective properties. Petitioner filed suit against the respondent, in which he asserted that he had owned and maintained a hedge fence between the two pieces of property for thirty years, when respondent and/or respondent's now deceased husband, cut down such hedge fence without petitioner's permission; that the property on which he planted the hedge fence was his property pursuant to his deed to his land; and that under the doctrine of adverse possession the land belonged to him. The respondent asserted in her answer that the hedge fence had been on her real estate, and during its existence had been jointly maintained by the petitioner and the respondent. A non-jury trial was held before Judge Fox on May 16, 1988. On July 18, 1988, the court entered an order in which findings of fact and conclusions of law were made regarding the disputed property. The court found that the petitioner planted the hedge fence approximately two feet on respondent's property; that petitioner's entry onto such land to plant and maintain such fence was with the actual or implied consent of respondent or her deceased husband; that the hedge had been jointly maintained by the parties, and was removed by the respondent's husband without overt objection by petitioner; and that after the hedge was removed, the petitioner built a wooden fence on or very close to the actual boundary line. The court furthermore concluded that the petitioner's claim for adverse possession must fail because the planting of the hedge by the petitioner with respondent's knowledge, the joint maintenance of the hedge during its existence, and the removal of the hedge without overt objection indicated that there was an implied permission to construct the hedge.

The petitioner's father lived with the petitioner and planted a hedge fence along the petitioner and respondent's property line in approximately 1946. The petitioner testified at trial that the entire hedge was maintained exclusively by his family, mostly by his father. He denied that the respondent, or any member of her family, ever trimmed the hedge. In addition, he denied ever seeing the hedge trimmed shorter on the respondent's side than on his side. Furthermore, he testified that the respondent, or her deceased husband, never gave the petitioner permission to occupy the area where the hedge fence was planted. The petitioner stated that he had always asserted that the property where the hedge fence existed, and two feet beyond that point, belonged to him.

The respondent's son, Ralph Dale Schmuck, testified that his father, the respondent's late husband, had maintained the side of the hedge which was visible to the respondent's property, by trimming the side and one-half way across the top of the hedge. A picture taken while the hedge was still in existence was entered into evidence; this picture showed that the respondent's side of the hedge was trimmed shorter than the petitioner's side. In addition, the respondent's daughter, Sally Wilhelm, testified that on more than one occasion, she had witnessed her father trim the hedge on the respondent's side and one-half way across the top.

No surveyor or engineer testified at trial concerning the correct boundary line, but Ms. Wilhelm testified concerning a survey conducted by a man named Mr. Kronjaeger. Ms. Wilhelm stated that her father had the property surveyed by Mr. Kronjaeger between 1978 and 1980 in an attempt to determine the correct boundary line between petitioner and respondent's property.

1. Respondent, Cora M. Schmuck, and Emmet Schmuck were joint owners of the subject property. After Mr. Schmuck's death in 1983, Cora M. Schmuck became the sole owner of the subject property pursuant to Emmet Schmuck's Last Will and Testament.

After this survey was completed, Ms. Wilhelm took her father to an attorney to get advice about the removal of the hedge, for the survey had shown that the hedge fence was on the respondent's property.[2] Mr. Schmuck, the respondent's late husband, subsequently removed the hedge fence in November, 1981. The petitioner neither testified to nor produced any survey or other evidence which would refute the respondent's evidence, but merely asserted that the property where the hedge fence had been was actually his property and if it was not, then he had gained ownership of it by adverse possession.

Subsequent to the removal of the hedge fence, the petitioner installed a high wooden fence, approximately two and one-half feet closer in to his property than the hedge fence had been. The petitioner claimed he installed the fence in that specific place in order to protect himself from possible lawsuit due to the fact that he had recently installed a swimming pool. The respondent asserts though, that the petitioner's new fence extends approximately eighty feet past the swimming pool, and that the position of this fence actually marks the true boundary line between their respective properties.

After the petitioner installed his wooden fence, the respondent installed a chain-link fence approximately three inches from the wooden fence. The respondent's son, Ralph Dale Schmuck, testified that the chain-link fence was installed three inches within the respondent's property line as marked by Mr. Kronjaeger, with the result being that the petitioner's wooden fence had been placed on the actual boundary line. The petitioner asserts that he cannot now maintain his wooden fence, due to the fact that the respondent's chain-link fence was placed so close to his wooden fence.

We find that the circuit court did not err in holding that the petitioner was not entitled to the disputed strip of property under the doctrine of adverse possession. The petitioner did not possess this strip of prop-erty adversely, for his use of the land was not exclusive, and was with the implied permission of the respondent.

■ We held in Syl. pt. 3 of *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977) that:

> One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title.

With regard to the element of hostility or adversity, "the person claiming adverse possession must show that his possession of the property was against the right of the true owner and is inconsistent with the title of the true owner." *Somon*, 160 W.Va. at 90, 232 S.E.2d at 528. If the use of the land in dispute is permissive, the element of hostility or adversity is negated. "It is elementary that adverse possession cannot be permissive.... Permissive possession is not considered to be the possession of the occupant but is considered to remain the possession of the party on whose pleasure the permissive possession depends." 3 Am.Jur.2d *Adverse Possession* § 52 (1986) (footnotes omitted) *Id.* Furthermore, no matter "[h]owever exclusive and however long endured, permissive possession can never ripen into title against anyone...." As we found in a previous case, "[i]f the entry was permissive, it must be proved that the party did some act which would constitute a disseisin or making his holding adverse." *Core v. Faupel*, 24 W.Va. 238, 243 (1884). We find no evidence of such an act in the case before us.

We additionally find that the petitioner's claim of adverse possession fails because his possession of this strip of land where

---

**2.** This survey was moved into evidence by respondent's counsel, but upon objection by petitioner's counsel. The introduction of the survey into evidence was approved by the court only for the purpose of enabling the court to better understand the testimony.

the hedge was planted was not exclusive. "The element of 'exclusive' possession relates to the fact that the disseisor must show that others do not have possession, ..." *Somon*, 160 W.Va. at 91, 232 S.E.2d at 529. "To establish exclusive possession, there must be an intention to possess and hold land to the exclusion of, and in opposition to, the claim of all others, ..." 2 C.J.S. *Adverse Possession* § 54 (1972) (footnote omitted). The fact that there was evidence at trial which indicated that the respondent, or her late husband, trimmed one-half of the hedge fence also negates the element of exclusivity. "To be effective as a means of acquiring title, the possession of an adverse claimant must be exclusive of the true owner.... Any sort of joint or common possession by claimant and the owner, ... prevents the possession of claimant from having the requisite quality of exclusiveness...." *Id.* at § 55 (footnotes omitted).

■ "Findings of fact made by a trial court may not be set aside by this Court on appeal unless clearly wrong." Syl. Pt. 2, *Lewis v. Dils Motor Company*, 148 W.Va. 515, 135 S.E.2d 597 (1964). We find that the trial court was not clearly wrong in finding that the hedge had been planted on the respondent's property with the implied consent of the respondent; that the hedge had been jointly maintained by the parties during its existence; that the hedge had been removed by respondent without the overt objection of the petitioner; and that the petitioner had then built a new wooden fence on or very close to the actual property line.

We therefore affirm the court's decision to deny the petitioner's claim for adverse possession.

Affirmed.