# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Theodore Hoffert and Nora Hoffert,**
**Defendants Below, Petitioners**

**vs.)  No. 19-0308** (Mason County 16-C-72)

**Kimes Steel, Inc.,**
**Plaintiff Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Theodore Hoffert and Nora Hoffert, by counsel Joshua Price, appeal the Circuit Court of Mason County's February 8, 2019, order granting summary judgment to Respondent Kimes Steel, Inc., in its declaratory judgment action regarding ownership of a piece of real property located in Mason County, West Virginia. Respondent, by counsel Luke A. Lafferre and Brittany S. Given, filed a response.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the circuit court's "Final Order Granting Summary Judgment and Dismissing Case," Respondent Kimes Steel, Inc., is the owner of real property located on First Street in New Haven, Mason County, West Virginia, identified as 2 George Street. Petitioners are the owners of an adjacent parcel of real property located on First Street, with an address of 413 First Street, New Haven, West Virginia. Petitioners argued below that they planted fruit trees in approximately 2004, as well as gardens on portions of the disputed property. However, respondent alleged that it paid the taxes on the property, mowed the grass there, and is the legal owner of the property.

Respondent filed a declaratory judgment action against petitioners on September 27, 2016, seeking confirmation of the boundary between the parties' real property and stopping petitioners' trespass onto respondent's property. Petitioners counter-claimed, asserting that they owned the disputed property through adverse possession. In its order, the circuit court stated that petitioners never produced a legal description of the disputed property, though they defined it as "disputed property." Respondent filed its motion for summary judgment on December 18, 2018, in compliance with the circuit court's scheduling order, to which petitioners filed a response. In its order, the circuit court found that petitioners "filed no evidence in this case and pointed to no evidence in support of their opposition to the Motion for Summary Judgment." According to the circuit court, petitioners did not serve any discovery requests and failed to respond to respondent's

1

first and second requests for production, request for admissions, and second set of interrogatories. While they responded to respondent's first set of interrogatories, they did not support those answers with an affidavit. Petitioners did not request additional time to conduct discovery. The circuit court also found that "[d]uring times relevant to [petitioners' c]ounter-[c]laim, Kimes Steel was aware of and acquiesced in [petitioners'] use of the disputed property and it regularly entered upon and maintained and stored its personal property on the disputed property."

The circuit court determined that by way of deed, respondent owns the real property at issue. It further found that

> [t]here is no genuine issue of material fact for trial that [petitioners'] use of the disputed property was permissive, and permissive use of the disputed property is not adverse or hostile. There is no genuine issue of material fact for trial that [petitioners'] use of the disputed property was not exclusive during the time period in question, as there is undisputed evidence in the record – the affidavit of D. Shannon Kimes – that Mr. Kimes and Kimes Steel regularly entered the disputed property during time periods relevant to [petitioners'] counter-claim.[1]

The circuit court granted respondent's motion for summary judgment by order entered on February 8, 2019, declaring and confirming the boundary of respondent's real property, located at 2 George Street, as described in respondent's complaint and the attached exhibits. The circuit court also ordered that petitioners immediately remove any of their personal property, including motor vehicles, from the disputed property and ordered that petitioners are permanently enjoined from interfering with the quiet use and enjoyment of the disputed property by respondent, its officers, employees, agents, successors, and assigns, and from any trespass on respondent's property without respondent's express consent. Petitioners appeal from that order.

"The salutary purpose of a declaratory judgment action is to resolve legal questions. Hence, '[a] circuit court's entry of a declaratory judgment is reviewed *de novo*.'" *Gastar Exploration Inc. v. Rine*, 239 W. Va. 792, 797-98, 806 S.E.2d 448, 453-54 (2017) (footnote omitted). Further, this Court has long held that "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994)." *City of Morgantown v. Nuzum Trucking Co.*, 237 W. Va. 226, 230, 786 S.E.2d 486, 490 (2016). Moreover, we have found as follows:

> "If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." Syllabus point 3, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

---

[1] According to filings below, Mr. Kimes is the President of Kimes Steel, Inc., and has owned, managed, and operated the business since 2008.

2

Syl. Pt. 2, *Andrews v. Antero Res.*, 241 W. Va. 796, 828 S.E.2d 858 (2019). We have additionally stated that

> "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Painter v. Peavy*, 192 W. Va. at 192-93, 451 S.E.2d at 758-59 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

*Andrews* at 811, 828 S.E.2d at 873.

On appeal, petitioners assert a single assignment of error: The circuit court's grant of summary judgment to respondent should be overturned because it is inconsistent with established case law and is against the manifest weight of the evidence. As this Court has long-held,

> "[o]ne who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title." Syl. Pt. 3 *Somon v. Murphy Fabrication and Erection Co.,* 160 W.Va. 84, 232 S.E.2d 524 (1977).

Syl. Pt. 4, *Teubert Family Farms, LLC v. Bragg*, __ W. Va. __, 836 S.E.2d 412 (2019).

In an effort to satisfy that standard, petitioners argue that their use of the land was adverse and hostile because they exercised physical dominion over a disputed area. *Seeley v. LaRosa*, 179 W. Va. 476, 479, 370 S.E.2d 132, 135 (1988). They admit it is undisputed that respondent used "some of the property on occasion to store items and mow the grass . . . ." However, petitioners argue that they planted fruit trees and a garden on portions of the property. They contend that such use is inconsistent with the rights of the true owner so the hostile and adverse use prohibited the grant of summary judgment to respondent. They distinguish the instant case from *Fantasia v. Schmuck*, 183 W. Va. 361, 395 S.E.2d 784 (1990), by pointing out factual differences, including that there was no joint maintenance nor were petitioners' gardens or trees removed during the statutory period.

Petitioners also argue that the circuit court's conclusion regarding the exclusivity of their use is against the manifest weight of evidence so the matter should be remanded for a decision consistent with established case law. They contend that respondent's use of the land was only sporadic, which is insufficient to defeat their claim of adverse possession. Petitioners assert that the elements of exclusivity should have been permitted to proceed to a trier of fact to determine if planting a garden and trees was sufficiently exclusive in light of respondent's activities. Further, they argue that the planting of fruit trees "by their very nature establish exclusivity over a tract of land where they are planted . . . ."

In addition to the adverse possession standard set forth above, this Court has held that "'[t]he burden is upon the party who claims title by adverse possession to prove by clear and convincing evidence all elements essential to such title.' Syl. Pt. 2, *Brown v. Gobble*, 196 W. Va. 559, 474 S.E.2d 489 (1996)." Syl. Pt. 5, *Teubert*. In this matter, petitioners failed to offer evidence to prove adverse possession by clear and convincing evidence.

Although petitioners filed a counter-claim below, they failed to support their claim or refute petitioner's claim with evidence. As the circuit court found in its "Final Order Granting Summary Judgment and Dismissing Case," petitioners failed to produce a legal description of the disputed property. The circuit court specifically found that petitioners

> filed no evidence in this case and pointed to no evidence in support of their opposition to the [m]otion for [s]ummary [j]udgment. Their memorandum in opposition to [respondent's] motion for summary judgment was not accompanied by an affidavit. The record reflects that [petitioners] served no discovery requests in this case, and that they did not respond to [respondent's] First or Second Requests for Production, [respondent's] Request for Admissions, or [respondent's] Second Set of Interrogatories. . . . [Petitioners] did not request additional time to conduct discovery of the facts bearing on [respondent's] motion.

"Further, 'a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party.' Syl. Pt. 5, in part, *Jividen v. Law*, 194 W.Va. 705, 708, 461 S.E.2d 451, 454 (1995)." *Adams v. Pennsylvania Higher Educ. Assistance Agency*, 237 W. Va. 312, 324, 787 S.E.2d 583, 595 (2016).

> Pursuant to Rule 36(a) of the West Virginia Rules of Civil Procedure,

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or the application of law to fact . . . . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

In addition, "[a] failure to respond to a request for admissions under Rule 36 of the West Virginia Rules of Civil Procedure will be deemed to be an admission of the matters set forth in the request." Syl. Pt. 2, *Checker Leasing, Inc. v. Sorbello*, 181 W. Va. 199, 382 S.E.2d 36 (1989).

However, as set forth above, petitioners failed to respond to the request for admissions propounded by respondent. Due to that failure, petitioners admitted that they do not have legal title to the disputed property; that between 2006 and 2016, petitioners did not harvest fruit from or prune, trim, or otherwise maintain the fruit trees growing on the disputed property; that petitioners did not continuously occupy, possess, or otherwise maintain the disputed property between 2011 and 2014; that exhibits attached to the requests fairly and accurately depict respondent's railroad

ties and metal rails on the disputed property between 2006 and 2016; and that the line between petitioners' and respondent's property is fairly and accurately depicted in two exhibits attached to respondent's complaint.

Further, the only affidavit in the record before this Court is Mr. Kimes's affidavit, which provides that from May 21, 2009, through December 12, 2011, he owned the real property at issue and that he conveyed that property to respondent on December 12, 2011. He also stated in that affidavit that he entered the disputed property "frequently before 2004 and between 2004 and 2016[,]" including mowing the grass between 2011 and 2016. He verified that respondent had paid real property taxes on the disputed property from 2011 through the date of the affidavit in December of 2018. He also stated that he had "placed and stored various items including but not limited to equipment, raw materials, supplies, and other personal property on the disputed property before 2004 and between 2004 and 2016." Based upon petitioners' effective admissions and failure to present clear and convincing evidence sufficient to prove adverse possession, we find that their single assignment of error is without merit. Therefore, we find that the circuit court did not err in granting summary judgment to respondent.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison