# CHARLESTON.

## C. W. Cook v. Citizens Insurance Company of Missouri

### (No. 6008)

### Submitted March 6, 1928.    Decided April 10, 1928.

1.  SALES—*Buyer, to Whom Goods Are Delivered Under Conditional Sales Contract, Has Equitable Property Right Therein.*

    Where the seller has delivered goods to the buyer under a conditional sales contract, the interest of the buyer therein is an equitable property right.    (p. 376.)

    (Sales, 35 Cyc. p. 668.)

2.  INSURANCE—*Buyer May Recover on Fire Policy Requiring Sole and Unconditional Ownership, Although Legal Title Was in Seller Under Conditional Sales Contract.*

    When property in the possession of the buyer under a conditional sales contract is destroyed by fire, recovery therefor by the buyer on an insurance policy containing the "sole and unconditional ownership" provision is not defeated merely because the legal title is in the seller.    (p. 377.)

    (Fire Insurance, 26 C. J. § 212.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by C. W. Cook against the Citizens Insurance Company of Missouri.    Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Myers & Snerly, D. D. Moran,* and *Steptoe, Maxwell & Johnson* and *James M. Guiher,* for plaintiff in error.

*E. W. Worrell,* for defendant in error.

HATCHER, JUDGE:

Plaintiff recovered $1,000.00 upon a policy insuring store furniture and fixtures.  The policy was in the standard form, containing a clause providing that it should be void if the

interest of the assured be other than sole and unconditional ownership. When the policy was issued, three fixtures, valued at $915.00, were subject to conditional sales contracts. At the time of the fire, $260.00 remained unpaid on the three items. After the fire the furniture and fixtures were listed by plaintiff at $1,859.00.

The insurance company defends on the theory that the interest of Cook under the contracts is not sole and unconditional as required by the policy. The cases supporting that theory are so numerous that Cooley concludes that they have "well-established the rule" in that respect. Cooley, Briefs on Ins., 2d ed., p. 2199. An examination of those cases discloses that they are based on precedent or the strict letter of the policy. We are unable to accord to them the weight we otherwise would, because they are not in harmony with the former decisions of this Court. We are committed to a construction of insurance contracts which is liberal to the insured. *Tucker* v. *Insurance Company*, 58 W. Va. 30; *Booker* v. *Ass'n.*, 91 W. Va. 468. We view such contracts in much the same way as the Supreme Court of California. "It is to be remembered that contracts of this sort are to be interpreted in the light of the fact, that they are drawn by the insurance companies, and are rarely, if ever, understood by the people who pay the premiums. Every rational indulgence must be shown the assured." *Coniglio* v. *Conn. Fire Insurance Company*, 180 Cal. 596, 599; *Insurance Company* v. *Walsh*, 54 Ill. 164. We regard the clause requiring sole and unconditional ownership as having to do "not with nice questions of title to be precisely determined" (*Groce* v. *Insurance Company*, 95 Miss. 201, 207), but with beneficial and practical ownership. An inquiry into the character of the buyer's interest under a conditional sales contract is therefore pertinent. We turn to Williston as a leading exponent of the law on conditional sales. Williston declares repeatedly that a buyer under such a sale has a special, equitable property right in his purchase. Williston on Sales (2nd ed.), secs. 284, 304, 330 and 579. It seems thoroughly established that an equitable title is a sufficient compliance with the condition in question. Cooley, *supra*, p. 2187. *Ice Company* v. *Insurance Company*,

100 W. Va. 728. The quality of an equitable right is not af-
fected by a balance due on the purchase price. Equitable
title is not dependent on the amount paid, but rests rather
"on beneficial ownership and the right to the use and in-
come". *Insurance Company* v. *Kuhn,* 207 Ill. 166, 171;
*Rumsey* v. *Insurance Company,* 17 Blatch, 527; *Pelton* v.
*Insurance Company,* 77 N. Y. 605, 607. In recognition
whereof a large majority of the cases apply this doctrine ir-
respective of unpaid purchase money. See Cooley, *supra,*
p. 2188, and the host of cases there cited. Most of the cases
in point involve real estate. But why make a distinction be-
tween real and personal property in the application of this
doctrine? No reason is apparent. "The same rule will apply
with equal if not stronger force to the personalty," says the
Federal Court in *Bank* v. *Insurance Company,* 153 Fed. 440,
450. Then if the ordinary equitable title to personal property
should satisfy the requirement of sole and unconditional
ownership, why make an exception of the particular equit-
able title held under a conditional sales contract? Again no
reason appears. Let us illustrate. A borrows $500.00 and
executes a deed of trust on his automobile to secure the
lender. B buys and is delivered possession of an automobile
under a conditional sales contract, upon which $500.00 is un-
paid. A has the equitable title to his automobile—B a like
title to his. In each case the legal title is outstanding simply
as security for the debt. How can it be held consistently
that while A's equitable title satisfies the provision of sole
and unconditional ownership, B's violates it? No reason
appears to differentiate between the two. As Williston well
says, the transaction under a conditional sales contract, "is in
its essence a mortgage, though futile distinctions are often
made." See sec. 330.

Here Cook had the sole possession of the fixtures with the
exclusive right to their use and profit. He could hold them
against the world as long as he was not in default. He could
sell them; he could encumber them; he could devise them;
they were taxable as his; they would have been assets in the
hands of his creditors or personal representative—subject of
course to the seller's lien—and in case of their destruction

the loss was his. He therefore had every proprietary right in them except the bare legal title. He had the real and beneficial estate which has been asserted to be the "absolute interest" and "equivalent to the fee simple at law". *Insurance Company* v. *Kelly*, 32 Md. 421, 440. We have expressly defined sole and unconditional ownership to refer to just such a title as Cook possessed. "This clause is held to refer to character and quality of title—to the actual and substantial ownership, rather than the strictly legal title; in other words, the insured's interest must be such that he would sustain the whole loss if the property is destroyed." *Scott & Callaway* v. *Insurance Company*, 70 W. Va. 533, 537. The Virginia Court has repeatedly held that this clause does not even refer to the legal title, but only to *the interest of the insured*. *Insurance Company* v. *Rodefer*, 92 Va. 747, 751-2. The title in any event is simply a means to the end, and that end is "to prevent overinsurance and neglect to take proper precautions against loss." *Misheloff* v. *Insurance Company*, 102 Conn. 370. *Ice Co.* v. *Ins. Co., supra;* 14 R. C. L. p. 1052; 38 A. L. R. 200 (Annotation); Cooley, *supra*, p. 2176. After delivery of goods under a conditional sales contract, loss thereof falls on the purchaser. Williston, *supra,* sec. 304; Tiffany on Sales (2nd ed.) p. 142-3. This rule is now statutory in West Virginia. See section 27, Chapter 99-A, Code. As the buyer suffers the entire loss, there is no over-insurance in his case, and it is to his interest to exercise precaution to prevent the destruction of the property. Why, therefore, enforce the letter of the condition requiring unconditional ownership against such buyer, when the reason for the requirement fails in his case?

We find ample authority supporting the view that unconditional and sole ownership only requires that the interest of the insured in property be such that in case of destruction the loss falls entirely on him and that in such case it is immaterial whether his title be legal or equitable. "In the midst of the numerous confusing decisions, we may discover the consistent purpose not always avowed, to hold that if the interest of the insured at the time the policy was procured was of such a character as would impose upon him, directly or

indirectly, the whole burden of loss consequent upon the destruction of the insured premises, that interest will satisfy the condition of sole and unconditional ownership." Vance on Insurance, ch. 12, p. 444. That "consistent purpose" is well demonstrated in *Phenix Insurance Co.* v. *Hilliard,* 59 Fla. 590, 52 South. 799, 138 Am. St. Rep. 171; *Groce* v. *Insurance Company, supra; Johnson* v. *Insurance Company,* 126 Iowa 565; *Insurance Company* v. *Barker,* 54 Tenn. 503; *Insurance Company* v. *Dunham,* 117 Pa. 460, 477-8; *Lancaster* v. *Insurance Company,* 153 N. C. 285; *Petello* v. *Insurance Company,* 89 Conn. 175, 179-180. The answer to our first question—as to the purpose of enforcing the condition when the reason of the condition is wanting—appears in the *Connecticut* case above cited, where it is said: "So far as the authorities attempt to lay down any general rule, it is that if the interest of the insured is conditional, or contingent, or if it is for years only, or for life, or in common, it is not sole and unconditional ownership; but where the entire loss, if the property is destroyed by fire, must fall upon the party insured, *the reason and purpose of this provision does not seem to exist.*" (Italics ours.) The same answer is also given in *Insurance Company* v. *Dunham, supra,* page 475. It is a maxim of the common law that when the reason for a rule ceases, the rule itself ceases. *Cessante ratione legis cessat ipsa lex.* Broom's Legal Maxims; 11 C. J. 224; *Ex parte Quarrier,* 2 W. Va. 569, 571; *Gill* v. *State,* 39 W. Va. 479, 484-5.

Counsel assert that by reason of *Houseman* v. *Ins. Co.,* 78 W. Va. 203 and 586, this Court is committed to the doctrine that under a conditional sales contract, the vendor and not the vendee is regarded as the sole and unconditional owner of the goods. In those cases it appears that W. H. Houseman was managing a store for the plaintiff; that the plaintiff furnished the money to purchase the merchandise; that the business was conducted in the name of the plaintiff, and that the only interest W. H. Houseman had therein was a verbal option from the plaintiff to purchase the property at a certain price, which option he had never exercised. See pages 211 and 592. The court correctly held that plaintiff's sole and unconditional ownership of the property was not affected by the

option. That was all which was necessary or pertinent to the decision on that point. The holding that a "conditional contract of sale of personal property by an insured with reservation of title until payment of the purchase money, although possession is transferred to the vendee will not constitute a breach of the condition of the policy requiring sole and unditional ownership" was entirely gratuitous, was mere dictum, and can not bind subsequent decisions.

Under the contracts herein Cook held the equitable, beneficial title to the fixtures. Their destruction does not relieve him from payment of balance due the sellers. His interest therefore meets the test established by the former decisions of this Court, and the fact that he did not hold the naked legal title did not violate the condition of sole and unconditional ownership.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*