STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*etc., et al.*

*v.*

ALLSTATE INSURANCE COMPANY

(No. 12890)

Submitted May 26, 1970.                    Decided July 17, 1970.

*Campbell, Woods, Bagley, McNeer & Herndon, C. F. Bag-
ley, M. G. Taylor*, for appellants.

*Jenkins, Schaub & Fenstermaker, Norman K. Fenstermaker,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Cabell County entered in an action for a declaratory judgment instituted by the plaintiffs, State Farm Mutual Automobile Insurance Company, sometimes referred to as State Farm, and George Diaz, against Allstate Insurance Company, sometimes referred to as Allstate. The purpose of the action was to establish whether George Diaz was an insured under a policy of insurance issued by Allstate to the owners of the automobile he was driving at the time of the hereinafter described accident. From a judgment holding that he was not afforded coverage under the Allstate policy the plaintiffs prosecute this appeal.

Donald Hodge and Daisy M. Hodge, his wife, were owners of a 1964 Ford convertible automobile. Their daughter, Donna Hodge, on May 22, 1968, received her junior driver's license, upon the receipt of which she was given a set of keys to the automobile for the reason, as expressed by her father, "so that when she used the car she wouldn't have to be coming to her mother or to me for the keys." It is acknowledged by the parties that after receiving her junior driver's license and prior to the date of the accident, Donna had driven her parents' automobile on many occasions including several for her own personal pleasure.

On June 11, 1968 Donna approached her mother for permission to use the car to go for a drive with some of her friends. She did not specify where they were going but simply told her mother "we were going to drive around." The only instruction by her mother related to the time at which she was to return home. Neither of her parents had ever instructed Donna that she was not to allow anyone else to drive the automobile. Donna, upon receiving permission to use the automobile, picked up her friend Cathy Henshaw and then drove to the home of George Diaz where he and Robert Lee Estep joined them in the car, George and Donna sitting in the front

seat and Robert and Cathy occupying the rear seat. Although George Diaz did not have an operator's license, he got into the driver's seat and, apparently with Donna's permission, drove the automobile. They decided to drive out on Route 52 to Dickinson Dam on Twelve Pole Creek so the boys could go swimming, but before reaching this destination the automobile, still being operated by George Diaz, ran off the road, severely injuring Robert Lee Estep in the mishap. Thereafter, Robert and his father, William R. Estep, instituted an action against Donald and Donna Hodge and George Diaz, wherein they sought to recover damages in the amount of $35,000.00 for injuries alleged to have been suffered by Robert in the accident.

At the time of the accident there was in full force and effect an insurance policy issued by Allstate to Donald and Daisy Hodge as owners of the subject automobile. Under Section 1 thereof, designated Liability Protection, the following persons, in addition to the named insured and residents of the named insured's household, are afforded coverage:

> "(3) Any other person with respect to the owned automobile, provided the actual use thereof is with the permission of the named insured; * * *."

State Farm had issued an insurance policy to Jose Ricard, the stepfather of George Diaz, under which George was afforded liability coverage as a member of the household of the insured. That policy, however, offered coverage only in "excess over other collectible insurance." This controversy is between State Farm and Allstate, the former contending that Diaz is covered by the policy issued by the latter to the Hodges by reason of the above-quoted omnibus clause. At issue is the application of that clause.

Allstate takes the position that coverage under the omnibus clause is afforded to the driver only when he has the actual or implied permission of the named insured to drive the automobile and that Diaz, not having received such permission, was not covered by the said clause. Appellant State Farm, on the other hand, asserts that George Diaz is an additional

insured under the omnibus clause of the Allstate insurance policy because the "actual use" of the Hodge automobile was with the permission of the named insured, regardless of who was driving at the time of the accident; that the car was being used within the purview of the permission.

There being no substantial dispute in this case as to the facts, the evidence need not be considered on this appeal. We are called upon solely to determine the meaning of the above quoted omnibus clause and to ultimately decide whether or not Diaz is an additional insured thereunder.

The purpose of a provision of an automobile liability insurance policy, commonly called the "omnibus clause," is to extend the coverage of the policy to any person using the insured vehicle, provided the actual use thereof is with the permission of the named insured. The ultimate goal of such clause is to afford additional protection to the general public. To enhance the attainment of that goal it is well recognized by the authorities that the omnibus clause should be given a liberal construction. This was concurred in by our Court in *State Farm Mutual Automobile Insurance Company v. American Casualty Company,* 150 W.Va. 435, 146 S.E.2d 842, when it quoted with approval from *Collins v. New York Casualty Company,* 140 W.Va. 1, 82 S.E.2d 288, the following:

> "Because the purpose of an omnibus clause in an automobile public liability insurance policy is not to limit the insurer's liability, but to provide additional coverage, the clause is designed to protect not only those entrusted with the use of the automobile, but the public in general, and therefore the provisions of the clause should be liberally applied to effectuate the purpose for which it was incorporated in the policy."

Also, the rule that an insurance policy, when open to construction, should be construed most strongly against the insurer has been held applicable in favor of an additional insured. *Tomasetti v. Maryland Casualty Co.,* 117 Conn. 505, 169 A.54.

Under the subject omnibus clause, that for which permission of the named insured must be obtained before the driver

is afforded coverage is the "actual use" of the vehicle. It should be noted that it does not call for permission to "drive" or "operate" the automobile. The character of the omnibus clause has changed in recent years. In older policies such clause usually afforded coverage only when the permission to drive was given by the named insured. In more recent omnibus clauses the named insured is given broad authority to constitute other than himself or members of his household as "additional insured." This extension of coverage has been required by statute in many states and has been enlarged by the decisions of many courts. See Code, 1931, 33-6-31, as amended, and Annotations, 4 A.L.R.3d, p. 23.

The words "use" or "actual use" are not synonymous with "drive" or "operate." This was expressed with exacting clarity by the court in *Maryland Casualty Company v. Marshbank*, 226 F.2d 637, in the following language:

> "The fallacy in the plaintiff's position is that the words 'use' and 'operation', which it seeks to equate as synonymous, are in this setting words of quite different meaning. For the 'use' of an automobile by an individual involves its employment for some purpose or object of the user while its 'operation' by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another."

Considering a similar omnibus clause and a set of facts which are comparable to the instant case, the court said in *Indemnity Insurance Company v. Metropolitan Casualty Insurance Company*, 33 N.J. 507, 166 A.2d 355:

> "The clause says nothing about *operation* of the vehicle. It is the *use* which must be permitted. Defendant reads the word *use* as synonymous with operation * * *. We think that in this context the words *use* and *operation* are not synonymous. The *use* of an automobile denotes its employment for some purpose of the user; the word *'operation'* denotes the manipulation of the car's controls in order

to propel it as a vehicle. *Use* is thus broader than *operation*."

It is interesting to note that Allstate, the appellee, took the same position as the appellants herein and prevailed in *Allstate Insurance Company v. The Fidelity & Casualty Company*, 73 N.J. Super. 407, 180 A.2d 168.

In the instant case Daisy Hodge, a named insured, gave her daughter Donna permission to use the car. She did not restrict her as to the purpose for which the car was to be used nor as to the area in which it was to be driven. Donna told her "she was going to pick up Cathy and they were going for a drive, she didn't specify where and I told her to be back by sometime." The actual use for which permission was granted was "going for a drive." The actual use made of the car was "going for a drive." Donna was in the car at the time of the accident. Therefore, in accordance with the authorities cited and quoted above, Donna was using the car for the purpose for which permission was granted, regardless of who was driving the vehicle. The actual use thereof was within the purview of the permission.

We are aware of the decision in *State Farm Mutual Automobile Insurance Company v. American Casualty Company*, 150 W.Va. 435, 146 S.E.2d 842, which involved an omnibus clause in the exact language of that in the instant case and in which the Court denied coverage thereunder to the driver of the automobile. Therein it was held that the driver, a fifteen-year-old boy who was driving with the permission of the original permittee, did not have the consent, expressed or implied, of the named insured. That case is readily distinguishable from the instant case. In that case the original permittee was not in the vehicle at the time the driver became involved in the mishap. He was not, therefore, using the automobile and the "actual use" thereof was not within the scope of the permission of the named insured. Here, Donna Hodge, the original permittee, was in the car and was using it for the purpose for which permission was granted, although it was being driven by George Diaz. See *Grant v. Knepper*, 245

N.Y. 158, 156 N.E. 650, 54 A.L.R. 845; Couch on Insurance 2d, Vol. 12, Section 45:321 et seq.

Consequently, we are of the opinion that the omnibus clause contained in the Allstate insurance policy extends coverage to George Diaz as an additional insured, the actual use of the automobile having been with the permission of the named insured. While contrary opinions have been expressed by some authorities, we are of the firm belief that the foregoing is the sounder view and one which will lend more comprehensive protection to the public.

For the reasons stated herein, the judgment of the Circuit Court of Cabell County is reversed.

*Reversed.*