FRED LUSK

*v.*

AETNA LIFE INSURANCE COMPANY, *a corporation*

(No. 13169)

Submitted February 6, 1973.          Decided March 27, 1973.

*D. Grove Moler,* for appellant.

*Bailey, Worrell & Viers, Robert D. Bailey,* for appellee.

BERRY, PRESIDENT:

The Aetna Life Insurance Company, hereinafter referred to as defendant, appeals from a final order of the Circuit Court of Wyoming County entered August 30, 1971 wherein the Court, sitting in lieu of a jury, found in favor of Fred Lusk, hereinafter referred to as plaintiff, in the amount of $1200 based on a group disability insurance policy which covered Fred Lusk as an employee of Island Creek Coal Company. The defendant contends that the trial court erred in awarding the plaintiff $1200 in addition to the $1400 the defendant had already paid the plaintiff for his disability under the insurance policy. This Court granted defendant's petition for an appeal on December 6, 1971 and the case was submitted for decision on February 6, 1973 on the briefs of the attorneys on behalf of the respective parties.

It appears from the record that Fred Lusk sustained serious facial injuries in a coal mine accident on October 18, 1967. Lusk sustained a broken nose, broken chin and a bilateral broken jaw, and underwent several operations as a result of these injuries. The group insurance policy stated that $50 per week would be paid to the insured up to a maximum of 52 weeks, but that no disability payments would be made for the first ninety days of any disability. The contract also stated that disability payments would be paid " * * * for any period during

which the Employee is wholly disabled by a disease or by an accidental bodily injury, and is prevented by such disability from performing any and every duty pertaining to the Employee's occupation; * * * ." The policy also stated that no disability payments would be paid for any period during which the employee was not under the care of a qualified physician.

Under the terms of the insurance policy, the defendant began paying $50 per week to the plaintiff on January 17, 1968 and continued paying plaintiff through May 7, 1968. The defendant ceased making payments at that time because of a physician's report from Dr. W. C. Moorman, who had reduced the fractures of plaintiff's jaw bone and chin. The report, dated May 13, 1968, said: "This man is 65 yrs. old and retired. He is not planning to return to work as a miner. He does work around home in garden, etc. I only see him periodically." However, defendant subsequently paid the plaintiff disability payments through July 30, 1968 based on a letter from Dr. Moorman to the defendant dated May 15, 1969, which stated: "As a result of these injuries Mr. Lusk was unable to work from the date of the accident until July 30, 1968." The plaintiff brought an action in the Circuit Court of Wyoming County contending that he was entitled to disability payments for 24 weeks after July 30, 1968 in addition to the 28 weeks for which he had received disability payments.

It appears from the depositions of the plaintiff and his wife that plaintiff had two "Sherman plates" inserted in his jaw after the accident. However, one side of his jaw became infected and Dr. Moorman removed one of the plates, scraped the jaw and wired the jaw back together. It appears that plaintiff's jaw was wired together for several weeks after July 30, 1968 and he was only able to eat by using a straw.

The depositions and exhibits also reveal that plaintiff was scheduled for corrective surgery on October 11, 1968 on his nose in order to relieve a breathing difficulty he

was experiencing. However, the operation was cancelled until July of 1969 because the plaintiff's blood pressure began fluctuating as a result of an attack of hypertension. The defendant subsequently sent a letter to Dr. Capinpin, the doctor who was to perform the nasal passage operation in October of 1968, and asked whether or not he thought the plaintiff was disabled from May through August of 1968. Dr. Capinpin replied on October 14, 1969:

> "During this period the patient had limited activities doing normal chores and from this viewpoint of hyper-tension [sic] his activities will be limited to his usual activities. I will not be able to determine whether during this period he will be compensable or not compensable but we are still responsible for the general condition of this patient."

The error assigned for the reversal of the trial court is that the trial court erred in finding and entering judgment for the plaintiff for any portion of the 24 week period. The defendant claims that the plaintiff was not wholly disabled from performing all of the duties pertaining to his occupation as a mine foreman. It is the contention of the defendant that the plaintiff was not totally disabled after July 30, 1968; that he was not constantly under the care of legally qualified physicians after July 30, 1968; that he did not furnish the defendant due proof of claim of his disability for any period subsequent to July 30, 1968; and that the plaintiff did not meet the requirement of "due proof of claim" because of the lack of medical testimony.

There is no question that the plaintiff sustained serious facial injuries while working in a coal mine on October 18, 1967. His nose was smashed, his chin fractured and his jaw broken in two places. He underwent several operations as a result of the injuries and had several physicians attending him in an effort to correct his injuries. Dr. W. C. Moorman reduced the fracture of the plaintiff's jaw bone and chin and reported to the defendant on May 13, 1968 that the plaintiff was 65 years

of age, retired, and that he only saw him periodically, at which time the defendant initially stopped payments under the policy.

It appears that one side of the plaintiff's jaw became infected and the "Sherman plate" on that side had to be removed and the jaw wired together. As a result, the plaintiff was forced to eat through a straw for several weeks. The defendant, after receiving another letter from Dr. Moorman stating that the plaintiff was unable to work until July 30, 1968, paid the plaintiff through July 30, 1968. After Dr. Moorman finished his treatment of the plaintiff the plaintiff was treated by plastic surgeons. The plaintiff was scheduled to have corrective surgery performed on his nose on October 11, 1968 to relieve a breathing difficulty he was experiencing as a result of the accident, but by virtue of hypertension the scheduled surgery was not performed. It was stated in a letter to the defendant dated October 14, 1969 that: " * * * we are still responsible for the general condition of this patient." The operation on the plaintiff to correct his breathing difficulty was not successfully performed until July 9, 1969.

The plaintiff was employed as a mine foreman in the Island Creek Coal Company's mine and it would appear that as a result of the injuries he received he was unable to perform all of his duties until the completion of the surgery to correct the injuries, and, therefore, under the terms of the policy, the plaintiff was entirely disabled and should have received benefits for the additional 24 weeks. It would also appear that the plaintiff was under the care of legally qualified physicians, either dental surgeons or plastic surgeons during this period of time, although he was only examined periodically. A due proof of claim was filed initially when he first received his injury, and inasmuch as the disability was continuous, it was not necessary for him to file another due proof of claim. There appears to be sufficient medical evidence contained in the record to meet the requirements of due

proof of claim required under the provisions of the insurance policy.

It has been held that under group life insurance policies containing total disability provisions that total disability does not mean absolute helplessness or entire disability. *Equitable Life Assur. Soc. of United States v. Branham,* 250 Ky. 472, 63 S.W.2d 498. The fact that the plaintiff retired from work after receiving the injuries would not prohibit him from receiving the payments under the insurance policy for the full period of 52 weeks if he were continuously disabled as the result of the injuries during that period of time.

This Court has repeatedly held that clauses and provisions in insurance policies are construed most liberally in favor of the insured. *Tucker v. Colonial Fire Insurance Company,* 58 W.Va. 30, 51 S.E. 86; *Cook v. Citizens Insurance Co. of Missouri,* 105 W.Va. 375, 143 S.E. 113; *Milam v. Norwich Union Indemnity Co.,* 107 W.Va. 574, 149 S.E. 668.

Under the facts and circumstances in the instant case and applying liberally the construction of the insurance policy in favor of the insured, the judgment of the Circuit Court of Wyoming County is affirmed.

*Judgment affirmed.*