JAMES A. PRETE *and* DORIS L. PRETE

*v.*

THE MERCHANTS PROPERTY INSURANCE COMPANY OF

INDIANA, *a corporation,*

*and* THE POTOMAC INSURANCE COMPANY,

*a corporation*

(No. 13570)

Decided April 6, 1976.

*S. J. Angotti* for appellants.

*Steptoe & Johnson, Robert M. Steptoe, Jr.*, for appellees.

FLOWERS, JUSTICE:

The plaintiffs, James A. Prete and Doris L. Prete, prosecute this appeal from an adverse judgment of the Circuit Court of Monongalia County. The plaintiffs were constructing an apartment building in the City of Morgantown and had purchased two multi-peril insurance policies with builder's risk provisions from the defendants, The Merchants Property Insurance Company of Indiana and The Potomac Insurance Company. The policies covered the apartment structure and any construction materials and supplies while stored within the specific areas designated by the policies. While stored in the basement of a building located across the street from the construction project, but within 82 feet of the insured premises, certain materials and supplies intended for use in the insured premises were destroyed by fire. The plaintiffs were denied recovery upon their two insurance policies by the court's conclusion that the destroyed materials were not on premises described in the policy when the fire occurred. The following policy provision is the focal point of the dispute:

"Coverage A—Building(s): . . . .

This policy also covers temporary structures, materials, equipment and supplies of all kinds incident to the construction of said building or structure and, when not otherwise covered by insurance, builders' machinery, tools and equipment owned by the insured or similar property of others for not exceeding the amount for which the insured is liable; *all while in or on the described buildings, structures or temporary structures, or in the open (including within vehicles) on the described premises or within 100 feet thereof.*" (emphasis added)

The plaintiffs and the defendants contend that the italicized language of the policy provision is clear and unambiguous but they ascribe different meanings to it.[1]

The defendants argue that construction materials are only covered when they are stored in a building on the "described premises" or in the open within 100 feet of the premises. The plaintiffs maintain that all construction materials are insured under the policy wherever they are stored, provided the storage area is within 100 feet of the "described premises."

The trial court concluded that the language was clear and unambiguous and ruled that the materials were destroyed in an area other than the described premises and that no special rider existed to extend coverage.

---

[1]Our interpretation of the meanings ascribed to the language by the parties is more clearly illustrated by the following analysis:

The defendant insurance companies successfully contended in the court below that the coverage location terms should be read:
> while in or on the described buildings, structures or temporary structures,
> or in the open (including within vehicles) on the described premises or within 100 feet thereof.

The plaintiffs contend a proper reading of the same words is:
> while in or on the described buildings, structures or temporary structures,
> or in the open (including within vehicles) on the described premises
> or within 100 feet thereof.

Judgment was entered for the defendants under Rule 52 of the Rules of Civil Procedure.

On appeal we must review the trial court's ruling on the scope of the coverage provided under the policy and then determine whether the trial court failed to comply with Rule 52(a) which requires that the trial court state separately its findings of fact and conclusions of law.

I

The basic principle governing all insurance policies is that policy provisions which are clear and unambiguous are not subject to judicial interpretation or construction and effect must be given to the plain meaning intended. *Atkins v. Stonewall Casualty Co.*, 155 W. Va. 81, 181 S.E.2d 269 (1971); *Keffer v. Prudential Insurance Co. of America*, 153 W. Va. 813, 172 S.E.2d 714 (1970); *Laraway v. Heart of America Life Insurance Co.*, 153 W. Va. 70, 167 S.E.2d 749 (1969); *Lewis v. Dils Motor Co.*, 148 W. Va. 515, 135 S.E.2d 597 (1964); *Stone v. National Surety Corp.*, 147 W. Va. 83, 125 S.E.2d 618 (1962). Whenever the language of a policy provision, however, is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meanings, it is ambiguous. *Wilson v. State Farm Mutual Automobile Insurance Co.*, 256 Iowa 844, 128 N.W.2d 218 (1964); *Kansas City Fire & Marine Insurance Co. v. Clark*, 217 F. Supp. 231 (D.C. Mont. 1963). *Cf. Hereford v. Meek*, 132 W. Va. 373, 52 S.E.2d 740 (1949); *State v. Harden*, 62 W. Va. 313, 58 S.E. 715, 60 S.E. 394 (1907).

We believe the language in question is ambiguous and thus subject to judicial construction. The guiding principle of construction in cases of insurance contracts requires us to construe the language liberally in favor of the insured. *Lusk v. Aetna Life Insurance Co.*, W. Va., 195 S.E.2d 163 (1973); *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co.*, 154 W. Va. 448, 175 S.E.2d 478 (1970). We thus conclude that coverage under the clause considered in this case extended to any

location within 100 feet of the described premises whether in the open, within a vehicle or, as here, in another building.

In construing the language to extend coverage to construction materials and supplies which are stored in any building which is located within 100 feet of the "described premises," we are mindful of the caveat in *Marson Coal Co. v. Insurance Co.*, W. Va., 210 S.E.2d 747 (1974). The construction given the applicable language in the instant case does not, however, contravene the object and plain intent of the parties.

## II

The only other assignment of error relates to the manner in which judgment was entered under Rule 52. The plaintiffs contend that the trial court failed to satisfy Rule 52(a) of the Rules of Civil Procedure which requires the trial court in all actions tried upon the facts without a jury to find "the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

A failure to comply with Rule 52(a) constitutes neglect of duty by the trial court and a case may be remanded for compliance with the Rule. *Parkway Fuel Service, Inc. v. Pauley*, ____ W. Va. ____, 220 S.E.2d 439 (1975); *National Grange Mutual Insurance Co. v. Wyoming County Insurance Agency, Inc.*, W. Va., 195 S.E.2d 151 (1973). In the instant case, the trial court's findings of fact and conclusions of law are contained in the judgment order. The trial court simply failed to accord them separate designations. There is no reason, therefore, to remand the case for compliance with the rule. Where there is sufficient information in the record regarding the facts which control the proper disposition of the case, it will be disposed of in this Court without remanding the case for compliance with Rule 52(a). *Commonwealth Tire Co. v. Tri-State Tire Co.*, W. Va., 193 S.E.2d 544 (1972); 5A Moore, Federal Practice, ¶56.02[1] (2nd ed.).

For the reasons stated in this opinion, the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for such further proceedings as are consonant with the rulings expressed in this opinion.

*Reversed and remanded.*