CHESTER E. SURBAUGH

*v.*

STONEWALL CASUALTY COMPANY

(No. 14792)

Decided November 3, 1981.

*Lynch, Mann & Knapp and G. Berk Lynch,* for appellant.

*Ragland & Ragland and Ned H. Ragland, Jr.,* for appellee.

PER CURIAM:

This is an appeal by the Stonewall Casualty Company from an order of the Circuit Court of Raleigh County denying the company's motion for a new trial in an automobile accident case. The only question presented is whether the company's automobile insurance policy issued to Chester E. Surbaugh was in effect at 3:30 p.m. on May 8, 1978, when Mr. Surbaugh was involved in an automobile accident. The circuit court construed the policy and found that it was in effect at the time of the accident. We have examined the record, and we have concluded that the court's decision was proper. We, therefore, affirm the judgment of the circuit court.

In 1978, the Stonewall Casualty Company issued a property damage and automobile insurance policy to Chester E. Surbaugh. The front page of the policy indicated that the policy was to be in effect from 2/8/78 to 5/8/78. The declarations page of the policy stated: "Policy Period: 12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN From: 2/8/78 To: 5/8/78."

Mr. Surbaugh was involved in an automobile accident at approximately 3:30 P.M. on May 8, 1978. At the time, the insurance premium had been paid for the initial period covered by the policy, but not for any period thereafter.

In his action for damages resulting from the accident, Mr. Surbaugh moved for summary judgment on the issue

of liability. The trial court granted the motion and submitted the question of the amount of damages to a jury. The jury found in favor of Mr. Surbaugh, and the company moved to set aside the verdict on the ground that the court erred in holding, as a matter of law, that the company was liable on the policy since on the date and at hour of the accident the policy had expired by its own provisions and no renewal premium had been paid. After considering the motion, the court overruled it and held, in essence, that the policy did not terminate at 12:01 A.M. on May 8, 1978, but that it remained in effect later in that day.

The sole question necessary for resolution of the issues in this appeal is whether Mr. Surbaugh's policy expired at 12:01 A.M. on May 8, 1978, or whether, it did remain in effect throughout that day.

In syllabus point 1 of *Prete v. Merchants Property Ins. Co. of Ind.*, 159 W.Va. 508, 223 S.E.2d 441 (1976), we said:

"Whenever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous."

In examining the policy before us, we note that it initially provided that coverage would extend from 2/8/78 to 5/8/78. In the declarations provision, the policy provided that coverage would begin 12:01 A.M. 2/8/78, but did not clearly state at what time on May 8, 1978, coverage would end. We believe that reasonable minds might differ as to what was intended by the two sections of the policy. The policy was, in effect, ambiguous under syllabus point 1 of the *Prete* case.

We have repeatedly recognized that:

"Ambiguous and irreconcilable provisions of an insurance policy should be construed strictly against the insurer and liberally in favor of the insured, although such construction should not be unreasonably applied to contravene the object and plain intent of the parties." Syllabus point 2,

*Marson Coal Co. v. Ins. Co. of State of Pa.,* ____ W.Va. ____, 210 S.E.2d 747 (1974). *See, Prete v. Merchants Property Ins. Co. of Ind.,* 159 W.Va. 508, 223 S.E.2d 441 (1976); *Lusk v. Aetna Life Ins. Co.,* 156 W.Va. 549, 195 S.E.2d 163 (1973); *Polan v. Travelers Ins. Co.,* 156 W.Va. 250, 192 S.E.2d 481 (1972); *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 154 W.Va. 448, 175 S.E.2d 478 (1970).

Construing the language of the insurance policy before us liberally in favor of the insured, we believe that it extended coverage to Mr. Surbaugh through the time of the accident on May 8, 1978. We do not find that such a construction is unreasonable or contravenes the object and plain intent of the parties. Consequently, we cannot conclude that the trial court erred in refusing to set aside the jury's verdict.

Accordingly, the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*