**VELVET ICE CREAM, INC., Plaintiff,**

v.

**WAUSAU INSURANCE COMPANIES, et al., Defendants.**

No. C–2–87–608.

United States District Court,
S.D. Ohio, E.D.

June 14, 1988.

Harvey H. Shapiro, Newark, Ohio, for plaintiff.

Michael J. Rourke, James S. Oliphant, Porter, Wright, Morris & Arthur, Columbus, Ohio, Robert D. Martinez, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, Southfield, Mich., for defendants.

MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff Velvet Ice Cream, Inc. brings this action to recover proceeds from a contract of insurance entered into between plaintiff and defendants. This matter is before the Court on the parties' cross-motions for summary judgment.

The facts underlying this action are not in dispute. Plaintiff is an Ohio corporation which manufactures, sells, and distributes ice cream products. On April 28, 1986 a fire occurred at plaintiff's manufacturing

facility on State Route 13 in Utica, Ohio. The fire caused substantial damage to plaintiff's operations and property, including certain ice cream manufacturing equipment which is the subject of this lawsuit.

At the time of the fire, plaintiff was insured under the terms of a standard fire insurance policy issued by defendants. The insurance policy provided property insurance protection for plaintiff's buildings, together with their contents and equipment, located at its various points of operation. The policy provided coverage for each of plaintiff's five separate operating locations under five separate policy endorsements. The location at which the fire occurred is known as location number one.

On the premises where the fire occurred, there were located two separate buildings. All ice cream products are manufactured in what the policy of insurance describes as building # 1. All ice cream manufacturing equipment is located during its use and at the end of each workday in building # 1. When the production schedule does not require the use of particular manufacturing equipment on a given day, it is temporarily moved from the production floor to some other location by means of wheels that are attached to the equipment. Such displaced equipment is then returned to building # 1 at the end of each workday.

Building # 2 is located fifty-two feet from building # 1 and is used for ice cream sales and stock storage. Ice cream is not manufactured in building # 2 and no manufacturing equipment is permanently stored there. On the morning of April 28, 1986, prior to the occurrence of the fire, the ice cream manufacturing equipment which is the subject of this lawsuit had been wheeled from the production floor in building # 1 and was temporarily stored inside building # 2 until it could be returned to building # 1 either at the end of the day or when its use became necessary. The April 28 fire caused damage within and around both buildings.

The insurance policy at issue provides separate limits of liability with respect to each building at the Utica premises. Building # 1 was insured for a limit of $1,140,-000 for the building and personal property. Building # 2 carried a limit of liability of $120,000 for the building and $60,000 for personal property, including stock. The damage resulting from the fire exceeded the policy limits of liability for building # 2; however, the damage to building # 1 was less than the limit of liability of the policy for that building. It is undisputed that defendants have paid plaintiff $394,664.11 pursuant to the policy for losses caused by the fire, which includes the policy limit for building # 2 and the remainder for the damage to building # 1. The sole question for this Court's determination is whether the loss of plaintiff's ice cream manufacturing equipment, located in building # 2 at the time of the fire and valued at $84,069, is compensable under the provisions of the insurance policy.

The paragraph of the insurance policy which is the subject of this dispute is contained in the "Special Multi–Peril Policy" endorsement for business personal property. That provision defines what personal property is to be insured with regard to each of the plaintiff's two buildings at location # 1 in the following manner:

PERSONAL PROPERTY OF THE INSURED: Business personal property owned by the insured and usual to the occupancy of the insured ... all while (1) in or on the building(s), or (2) in the open (including within vehicles) on or within 100 feet of the designated premises.

As noted earlier, the equipment which is the subject of this action was located inside building # 2, some fifty-two feet away from building # 1, at the time of the fire. It is plaintiff's contention that under the above-quoted definition, the equipment at issue would be insured as property "at or on the building or in the open or within 100 feet of the premises" designated as building # 1. *Answer to request for Admissions # 8.* In other words, plaintiff contends that as long as the property was within 100 feet of building # 1, regardless whether it was in the open or in another building, it is insured as property connected with building # 1. Defendant, on the other hand, argues that since the equip-

ment was located inside building # 2 and was not "in the open" within 100 feet of building # 1, it would be covered as personal property connected with building # 2 whose policy limits have already been reached, and would not be covered as property connected with building # 1.

Under Ohio law, any doubtful, uncertain, or ambiguous language in an insurance contract is to be strictly construed against the insurer which drafted the policy and in favor of the insured. *Moorman v. Prudential Insurance Co.*, 4 Ohio St.3d 20, 22, 445 N.E.2d 1122 (1983); *American Financial Corp. v. Fireman's Fund Ins. Co.*, 15 Ohio St.2d 171, 173, 239 N.E.2d 33 (1968). If the words used in an insurance policy can reasonably be interpreted in more than one way, they must be interpreted liberally in favor of the insured. *Munchick v. Fidelity & Casualty Co. of N.Y.*, 2 Ohio St.2d 303, 305, 209 N.E.2d 167 (1965). Nevertheless, insurance contracts "are to be construed generally as other contracts, in that unambiguous words and phrases are to be taken in their ordinary meaning unless there is something in the contract that would indicated a contrary intention." *Olmstead v. Lumbermens Mutual Insurance Co.*, 22 Ohio St.2d 212, 216, 259 N.E.2d 123 (1970). "A court cannot make a new contract for the parties where they themselves have employed express and unambiguous terms." *Jackson v. Metropolitan Life Ins. Co.*, 34 Ohio St.2d 138, 140, 296 N.E.2d 679 (1973), *quoting Fidelity & Casualty Co. v. Hartzell Bros. Co.*, 109 Ohio St. 566, 569, 143 N.E. 137 (1924).

Upon careful consideration, the Court concludes that the language at issue in this insurance policy—"all while (1) in or on the building(s), or (2) in the open (including within vehicles) on or within 100 feet of the designed premises"—is neither uncertain nor ambiguous. The plain meaning of this paragraph is that personal property connected with, in this case, a building, is insured if it is (1) *inside* the building or (2) *in the open* on or within 100 feet of the building. The obvious intent of the parties was to provide insurance coverage for personal property destroyed by fire both inside and outside a particular building, provided that the property outside the building was within 100 feet of it.

This plain meaning is further evidenced by inclusion in the policy of the phrase "including within vehicles." This phrase necessarily operates as a modification of the general rule that personal property be "in the open," because objects inside a vehicle would, of course, not be "in the open." If, as plaintiff suggests, objects could be *inside* any vehicle or building *anywhere* within 100 feet of the designated building and be covered under the policy, there would be no need for the modifying phrase "including within vehicles" and the phrase "in the open" would be read out of the contract. Although the property at issue in the present case was within 100 feet of building # 1, it was not "in the open" and therefore is not covered under the terms of the policy relating to building # 1.

Plaintiff relies on the case of *Prete v. Merchants Property Insurance Company of Indiana*, 159 W.Va. 508, 223 S.E.2d 441 (1976), in support of its contention that the language in this insurance contract is ambiguous. However, that case is distinguishable from the present case, because the language in the insurance contract in *Prete*, although similar to the language in this contract, was somewhat different. The contract in *Prete* provided that personal property would be insured

all while in or on the described buildings, structures or temporary structures, or in the open (including within vehicles) on the described premises or within 100 feet thereof.

The *Prete* court found that the above language was ambiguous in that one construction could be that coverage applied (as contended by the insurance company) in two situations:

1. while in or on the described buildings, structures or temporary structures *or*
2. in the open (including within vehicles) on the described premises or within 100 feet thereof.

Because of the particular wording of the *Prete* policy, the court found that the same

language could be construed to provide coverage (as contended by the insured) in three situations:

1. while in or on the described buildings, structures or temporary structures *or*

2. in the open (including within vehicles) on the described premises *or*

3. within 100 feet thereof.

In the present case, this Court concludes that the language of the policy in question is clear, unambiguous and susceptible of only one reasonable construction. First, the language itself is different from the language in the *Prete* policy. Unlike *Prete,* where the "open" coverage was perhaps arguably susceptible to being read as modified only by the words "on the described premises" because it was followed by the disjunctive clause *"or* within 100 feet thereof," the language in the policy in the present case makes it clear that the "open" coverage is modified by all of the remaining language, because of the word *"on"* ("in the open ... *on or within 100 feet of the designated premises"*). Second, the policy in the present case, unlike the *Prete* policy, specifically enumerates two and *not* three situations where coverage applies ("all while (*1*) in or on the building(s), or (*2*) in the open (including within vehicles) on or within 100 feet of the designated premises"). It seems obvious that for this Court to find a construction as plaintiff contends would require the Court to ignore both the specific language of the policy (disregard the word "on") and to add a third situation where the parties had specifically enumerated only two. Regardless of the extent to which the language of the policy in the *Prete* case differs from the language of the policy in the present case, this Court does not find the *Prete* case to be persuasive authority and it clearly is not a controlling precedent.

In conclusion, the Court finds that the property at issue was not covered according the plain meaning of the insurance contract. Plaintiff's motion for summary judgment is DENIED, and defendants' motion for summary judgment is GRANTED.

The Clerk shall enter JUDGMENT for defendants.

IT IS SO ORDERED.