# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Diana N. Kosnoski and the**
**Estate of Justin Elia Kosnoski, deceased,**
**by Elia Kosnoski, personal representative,**

**and**

**Justin Woulard, Jennifer Woulard, and**
**Justin Woulard, parent of McCartney Woulard**
**and Judah Woulard, minors, Plaintiffs Below,**
**Petitioners**

**vs) No. 13-0494** (Monongalia County 11-C-724 and 11-C-725)

**Marc R. Rogers, Mapero, LLC, Fairmor, LP, and**
**Erie Insurance Property and Casualty,**
**Defendants Below, Respondents**

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Diana N. Kosnoski and the Estate of Justin Elia Kosnoski, deceased, by Elia Kosnoski, personal representative, and Justin Woulard, Jennifer Woulard, and Justin Woulard, parent of McCartney Woulard and Judah Woulard, minors, by counsel Jeffrey L. Robinette and Terry B. Tignor, appeal the Monongalia County Circuit Court's "Order Regarding One or More Than One Occurrence as Applied to These Actions" entered on April 18, 2013. Respondent Erie Insurance Property and Casualty ("Erie"), by counsel Jennifer Keadle Mason, responds in support of the circuit court's order. Petitioners also filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Factual and Procedural Background

Petitioners lived in apartments located at 31 and 31 ½ Morrison Avenue, Westover, West Virginia. The Woulards moved in on June 1, 2011, while the Kosnoskis moved in on September 4, 2011. On September 4 and September 5, 2011, petitioners suffered serious injuries from carbon monoxide poisoning, and Justin Kosnoski died from the exposure. A gas boiler furnace, located in the basement of the apartment complex occupied by petitioners, served as the primary

1

heat source for both apartments. The Woulard apartment also contained a separate natural gas furnace. Tests run by the Westover Fire Department on September 5, 2011, revealed that the carbon monoxide level in the center room of the Woulard apartment was 358 parts per million ("ppm"), while the level in the bedroom of the Kosnoski apartment was 258 ppm. The level at the basement door, where the gas leak originated, was 658 ppm.[1]

Petitioners filed suit in the Circuit Court of Monongalia County. In their amended complaint, petitioners set forth allegations against the property owner, Marc R. Rogers; the company who managed and/or maintained the property, Mapero, LLC; an additional company who managed and/or maintained the property, Fairmor, LC; and the insurance company for the property, Erie. Count IX of the amended complaint is a declaratory judgment action against Respondent Erie, requesting a finding that the Kosnoski Petitioners are each entitled to a separate "occurrence" limit and that the damages sustained by the Woulard Petitioners are separate "occurrences" from the damages sustained by the Kosnoskis. The insurance policy at issue defines occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

On October 9, 2012, the circuit court held a hearing on petitioners' joint motion for summary judgment and Erie's motion for summary judgment.[2] On April 18, 2013, the circuit court entered its "Order Regarding One or More Than One Occurrence as Applied to These Actions." In that order, the circuit court stated that the issue was whether the carbon monoxide poisoning constitutes one or more than one occurrence. The policy at issue provides a per occurrence limit of $1,000,000 and a general aggregate limit of $2,000,000. Petitioners contended that since the injuries to the two families, occupying separate apartments, took place over the course of an evening and each apartment was exposed to different levels of carbon monoxide, there is more than one occurrence. Erie argued that there was one cause of petitioners' injuries, so there was only one occurrence. The circuit court concluded that the emission of carbon monoxide gas from a gas boiler furnace was a single event. It also found that there was a close connection in the time and place of the events. It found that the number of persons who sustain injuries is not a factor in determining whether there is a single occurrence or multiple occurrences, and the same was true for the differing severity of the injuries. The circuit court ultimately determined that there was one occurrence under the facts of this case. Based on that finding, the circuit court denied petitioners' joint motion for summary judgment and granted Erie's motion for summary judgment. Petitioners now appeal the entry of such order to this Court.

## II. Standard of Review

Petitioners appeal the circuit court's grant of summary judgment to respondent and the

---

[1]According to the United States Environmental Protection Agency, the average carbon monoxide level for a home with a properly adjusted gas stove ranges from five to fifteen parts per million.

[2]According to respondent, petitioners have settled their claims against Respondents Marc Rogers; Mapero, LLC; and Fairmor, LP, leaving only the coverage issue outstanding.

denial of their motion for summary judgment. Our standard of review for such is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."); Syl. Pt. 2, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

### III. Discussion

Petitioners assert two assignments of error on appeal. Petitioners first contend that the circuit court erred in granting Erie's motion for summary judgment because the undisputed evidence was that the subject exposures and injuries were separated by time, place, and severity, and consequently should have been considered separate occurrences pursuant to *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985). "The term 'occurrence' . . . refers unmistakably to the resulting event for which the insured becomes liable and not to some antecedent cause(s) of the injury." *Id.* at 338, 332 S.E.2d at 640, Syl. Pt. 3. Petitioners argue that if the time or the place of events is different and there is a difference in the detailed cause of each injury or damage, there is more than one occurrence for insurance coverage purposes. They argue that because petitioners and the decedent were exposed to carbon monoxide at different times during the night of September 4, 2011, and the early morning hours of September 5, 2011, and because they were exposed to varying levels of carbon monoxide, there was more than one occurrence under the policy of insurance. They also argue that although the apartments were in the same duplex, they were legally and factually separate places. Therefore, they contend that the circuit court erred in holding that petitioners' carbon monoxide injuries were a single continuous or repeated exposure to substantially the same general harmful conditions.

This Court finds that *Shamblin* is the controlling case on this issue. "This Court has explained that '[w]henever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous.' Syl. pt. 1, *Prete v. Merchants Prop. Ins. Co.*, 159 W.Va. 508, 223 S.E.2d 441 (1976)." *Am. States Ins. Co. v. Surbaugh*, 231 W.Va. 288, __, 745 S.E.2d 179, 186 (2013). "Ambiguous and irreconcilable provisions of an insurance policy should be construed strictly against the insurer and liberally in favor of the insured, although such construction should not be unreasonably applied to contravene the object and plain intent of the parties." Syl. Pt. 2, *Marson Coal Co. v. Ins. Co. of State of Pa.* 158 W.Va. 146, 210 S.E.2d 747 (1974). On the other hand, if ambiguity is not found to exist, the following well settled principle applies: "'Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed.' Syl. pt. 2, *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985)." *Horace Mann Ins. Co. v. Adkins*, 215 W.Va. 297, 301, 599 S.E.2d 720, 724 (2004).

In *Shamblin*, the insurance policy at issue provided: "For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence." *Shamblin* at 340 n.3, 332 S.E.2d at 641-42 n.3. In addition, the general definitions section of that policy defined occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured[.]" *Id.* Similarly, the insurance policy at

3

issue in the instant case defines occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

It is clear from the record that there was a leak of carbon monoxide from a single source, the gas boiler furnace. While the gas undoubtedly traveled to different rooms within the single building at different times over several hours, the injuries to petitioners and the decedent were from continuous or repeated exposure to substantially the same general harmful conditions. As in *Shamblin*, we find that the definition of occurrence at issue in the instant case is not ambiguous, at least not in the sense meant by petitioners in this case. Therefore, we find that under the facts presented in this case, there was a single occurrence under the policy at issue.

Petitioners' second assignment of error is that the circuit court erred in denying petitioners' joint motion for summary judgment, effectively nullifying the holding in *Shamblin*. Further, petitioners contend that the circuit court's rejection of an unpublished case from the United States District Court for the Eastern District of Louisiana is in error because its holding is consistent with *Shamblin* insofar as the Louisiana case determined that carbon monoxide exposures of varying severity, sustained by several individuals at different times during the same night equated to multiple occurrences, even when the carbon monoxide gas originated from a single source. *See Reynolds v. Transcon. Ins. Co.*, 1995 WL 16795 (E.D.La. January 17, 1995). For the reasons set forth above, we find no merit to petitioners' contention that the circuit court erred in concluding there was only one occurrence under the policy of insurance at issue. Because we find no error in the circuit court's denial of petitioners' motion for summary judgment, at this time we decline to adopt the findings set forth in the unpublished case of *Reynolds*.

For the foregoing reasons, we conclude that the circuit court did not err in granting summary judgment in favor of Erie. Accordingly, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

4